## EDWARD A. SOWLES *v.* JOHN HANLEY.

*Sale of real estate on execution.   Who entitled to rents during
period of redemption.*

The purchaser of real estate at an execution sale is not entitled to the rent
thereof during the six months allowed the debtor for redeeming the
same, under No. 139, 1884.

Assumpsit for rent.   Trial by court at the April term, 1891,
Rowell, J., presiding.   Judgment for the plaintiff.   Exceptions
by defendant.

The case appears in the opinion.

*Wilson & Hall,* for the defendant.

When real estate is sold upon execution, the purchaser must
pay for the same as of the day of the sale.   There is nothing in the
law to prevent his taking immediate possession.   If entitled to
possession he would be entitled to the rent.   No. 139, ss. 2-10,
Acts of 1884.

In analogy to the law of set-off upon execution, the debtor
has merely a right of redemption.   R. L. ss. 1574, 1579; *Moore*
v. *McMillan,* 54 Vt. 27; Rorer on Sales, ss. 786, 809, 810, 772,
and cases there cited; *Burk* v. *Bank of Tennessee,* 3 Head 686;

*Slayton* v. *Morris*, 4 Harr. (Del.) 224; *McKnight* v. *Gordon*, 13 Rich. (S. C.) Eq. 222; *Kline* v. *Chase*, 17 Cal. 596; *Dickenson* v. *Kenney*, 5 Minn. 409.

*E. A. Sowles pro se.*

The debtor had the right to possession and the right to re-deem for six months after sale. No. 39, Acts 1890.

The opinion of the court was delivered by

THOMPSON, J.  This is an action to recover for the use and occupation of a house and lot belonging to the plaintiff and occupied by the defendant from Feb. 17, 1887, to Sept. 3, 1887, at a rent of $15 per month, payable monthly.  On the 3d day of March, 1887, the premises were sold to one Geo. A. Ballard on an execution against the plaintiff in favor of O. F. Bellows, under a levy made Dec. 17, 1886, as provided by *St.* 1884, No. 139. The plaintiff did not redeem the premises under the statute and his interest therein expired by virtue of this sale on the 3d day of Sept., 1887.  Soon after the sale the defendant was notified by Ballard that he claimed the rent during the time allowed for redemption, and the defendant agreed to pay and has paid the rent to him, Ballard indemnifying him for so doing.  The only contention now made by the defendant is that the purchaser at the execution sale is entitled to the rent during the six months allowed for redemption, if the premises are not redeemed by the debtor, and that consequently he was bound to pay the rent to Ballard, and is thus discharged from liability to the plaintiff.

By *St.* 1884, No. 139, s. 1, all proceedings for the satis-faction of executions by appropriations of real estate, were to be under that act unless the debtor elected in writing to proceed by appraisal and set-off as provided by R. L. ss. 1565-1592.  By R. L. ss. 1579–1582, it was provided that the debtor should be responsible to the creditor or his legal representatives for the rents, profits and improvements of improved or tenantable estate appraised and set-off to the creditor on execution, if the debtor

did not redeem within six months from the time such execution was extended. The earliest enactment on this subject was an act passed March 7, 1797 (Laws of Vt., Tollman's Compilation 326, s. 6), and which was substantially the same as the provisions of the R. L. on that subject. The creditor's right to rent under these statutes was limited to the case of a *set-off* of real estate on execution. No. 139, *St.* 1884, gives the creditor no right to rent during the time allowed for redemption, when the real estate is sold on execution instead of being set-off. No right to rent being conferred upon the purchaser at the execution sale by this statute, we hold that he is not entitled to rent during the time allowed for redemption. By the passage of *St.* 1890, No. 39, the legislature, itself, seems to have put this construction upon No. 139.

*Judgment affirmed.*